United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

**04-41285
Summary Calendar**

————————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PRESTON LEE WALKER,**

**Defendant-Appellant.**

————————————————————————

**Appeal from the United States District Court
for the Eastern District of Texas
(1:04-CR-51-RHC-ESH)**

————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Preston Lee Walker appeals the 57-month sentence received

following his guilty-plea conviction for being a felon in

possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and

for being a felon in possession of body armor, in violation of 18

U.S.C. § 931(a)(1). He renews his argument, preserved in the

district court, that his constitutional rights were violated when

the district court assessed a four-level adjustment, pursuant to

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2K2.1(b)(5) (firearms possessed in connection with another felony offense), based on judicially determined facts, citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Pursuant to the recent decision in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), for sentencing errors preserved in district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure". *United States v. Akpan*, __ F.3d __, 2005 WL 852416, at *11 (5th Cir. 14 April 2005) (quoting *United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 March 2005) (No. 04-9517)). As the Government concedes, the four-level adjustment violated Walker's Sixth Amendment right to trial by jury. The Government further concedes it cannot demonstrate that the error was harmless. Accordingly, Walker's sentence is **VACATED**, and this case is **REMANDED FOR RESENTENCING**. *See Mares*, 402 F.3d at 520 n.9; *Akpan*, 2005 WL 852416 at *12. Because resentencing is required based on the Sixth Amendment violation alone, we do not address the other sentencing issue raised by Walker.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING*